THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| INSPECTOR CLARA I. ROSA RIVERA, | ) | |
| CAPT. SANDRA HERNANDEZ COLÓN, | ) | |
| CAPT. ELSA PAGAN VILLAFAÑE, CAPT. | ) | |
| ANDRES CRUZ GARCIA, CAPT. ALBERTO | ) | |
| M. SANCHEZ CRUZ, CAPT. REINALDO | ) | Case No. 1:16-1465 (JAG) |
| RODRIGUEZ LUCENA, CAPT. ISMAEL | ) | |
| RIVERA, LT. JAVIER TORRES ROSADO, LT. | ) | |
| JESUS MONTAÑEZ RIVERA, LT. FELIPE | ) | |
| ROSA HERNANDEZ, LT. ANGEL M. | ) | |
| FIGUEROA ANGULO, LT. PEDRO RIVERA | ) | |
| RESTO, LT. JORGE REXACH HERNANDEZ, | ) | |
| LT. MANUEL RIVERA GOMEZ, LT. | ) | |
| RICARDO ORENGO TORRES, LT. JUAN | ) | |
| CONCEPCION, LT. JOSE R.  DELGADO | ) | **JURY TRIAL DEMANDED** |
| MORENO, LT. JAVIER SALDAÑA ROBLES, | ) | |
| LT. ADALBERTO JUSINO RODRIGUEZ, LT. | ) | |
| EDGAR RAMOS RODRIGUEZ, LT. | | |
| RADAMES RIVERA COLÓN, LT. RAFAEL | | |
| VAZQUEZ ROSADO, LT. SONIA N. | | |
| GONZALEZ CRUZADO,  LT. FRANCISCO J. | | |
| GARCIA CLAUDIO, LT. EDGARDO LOPEZ | | |
| DE VICTORIA ALOMAR,  LT. CARLOS A. | | |
| NEGRON AVILES, LT. WILBERTO SOTO | | |
| ORTIZ, LT. EDUARDO ORTIZ and their | | |
| respective conjugal partnerships, | | |

Plaintiffs,

v.

MUNICIPIO DE SAN JUAN, GUILLERMO
CALIXTO RODRIGUEZ,  in his personal and
official capacities, JANE DOE, and their conjugal
partnership,

Defendants.

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiffs Inspector Clara I. Rosa Rivera, Captain Sandra Hernandez Colón, Captain Elsa Pagan Villafañe, Captain Andres Cruz Garcia, Captain Alberto Manuel Sanchez Cruz, Captain Reinaldo Rodriguez Lucena, Captain Ismael Rivera, Lieutenant Javier Torres Rosado, Lieutenant Jesus Montañez Rivera, Lieutenant Felipe Rosa Hernandez, Lieutenant Angel M. Figueroa Angulo, Lieutenant Pedro Rivera Resto, Lieutenant Jorge Rexach Hernandez, Lieutenant Manuel Rivera Gomez, Lieutenant Ricardo Orengo Torres, Lieutenant Juan Concepcion, Lieutenant Jose R.  Delgado Moreno, Lieutenant Javier Saldaña Robles, Lieutenant Adalberto Jusino Rodriguez, Lieutenant Edgar Ramos Rodriguez, Lieutenant Radames Rivera Colón, Lieutenant Rafael Vazquez Rosado, Lieutenant Sonia N. Gonzalez Cruzado,  Lieutenant Francisco J. Garcia Claudio, Lieutenant Edgardo Lopez De Victoria Alomar,  Lieutenant Carlos A. Negron Aviles, Lieutenant Wilberto Soto Ortiz, Lieutenant Eduardo Ortiz And Their Respective Conjugal Partnerships,("Plaintiffs"), , by and through their counsel, and bring this mass action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Puerto Rico overtime law 29 L.P.R.A. § 271 *et seq.*, against Defendants Municipio de San Juan And Gabriel Calixto Rodriguez in his official and personal capacities, JANE DOE, and their conjugal partnership, and allege upon personal belief as to themselves and their own acts, and as for all other matters, upon information and belief, and based upon the investigation made by their counsel, as follows:

## NATURE OF THE ACTION

1.      This action arises out of Defendants' systematic, municipality wide wrongful classification of Plaintiffs as exempt from the overtime compensation requirements of the FLSA

and 29 L.P.R.A. §271 *et seq.* These persons worked for Defendants as an inspector, captains and lieutenants of the police force of the Municipio de San Juan (collectively "Ranking Officers").

2.     For an employer to exempt an employee from the overtime compensation requirements of the FLSA and 29 L.P.R.A. §271 *et seq.* properly, Defendants must strictly and affirmatively establish both that the employee performs duties which meet one of the categories for exemption, and also that the employee is compensated on either a "salary" basis or a "fee" basis. Accordingly, Defendants cannot meet their burden of establishing Plaintiffs are exempt and have wrongly deprived Plaintiffs of earned overtime compensation in violation of the FLSA and 29 L.P.R.A. §271 *et seq.*

3.     During the relevant statutory period, Defendants have maintained a municipal policy and practice of paying Ranking Officers a salary without regard to their hours worked, except during the Fiestas de la Calle San Sebastian, when Defendants admitted in 2015 and 2016 that they had to pay overtime for the 12 hour days Plaintiffs worked during that event.

4.     For all times pertinent hereto, Plaintiffs have engaged in non-exempt police protection and emergency responder activities, and other non-exempt duties, as their primary duties, but have been denied overtime compensation at a rate of one and one half time their regular rate for hours worked in excess of the statutory time.

5.     Based upon their compensation practice and policy, Defendants uniformly misclassify Ranking Officers as exempt employees

6.     Defendants failed to compensate Plaintiffs for all overtime wages earned.

7.     Accordingly, Defendants are liable for their failure to pay Plaintiffs and other similarly-situated employees for time worked in excess of the statutory time in given workweeks at one and one-half times their regular rate.

## JURISDICTION AND VENUE

8.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

9.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants operate within this District and because a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

12.     Plaintiffs Clara I. Rosa Rivera, Captain Sandra Hernandez Colón, Captain Elsa Pagan Villafañe, Captain Andres Cruz Garcia, Captain Alberto Manuel Sanchez Cruz, Captain Reinaldo Rodriguez Lucena, Captain Ismael Rivera, Lieutenant Javier Torres Rosado, Lieutenant Jesus Montañez Rivera, Lieutenant Felipe Rosa Hernandez, Lieutenant Angel M. Figueroa Angulo, Lieutenant Pedro Rivera Resto, Lieutenant Jorge Rexach Hernandez, Lieutenant Manuel Rivera Gomez, Lieutenant Ricardo Orengo Torres, Lieutenant Juan Concepcion, Lieutenant Jose R. Delgado Moreno, Lieutenant Javier Saldaña Robles, Lieutenant Adalberto Jusino Rodriguez, Lieutenant Edgar Ramos Rodriguez, Lieutenant Radames Rivera Colón, Lieutenant Rafael Vazquez Rosado, Lieutenant Sonia N. Gonzalez Cruzado,  Lieutenant Francisco J. Garcia Claudio, Lieutenant Edgardo Lopez De Victoria Alomar,  Lieutenant Carlos A. Negron Aviles, Lieutenant Wilberto Soto Ortiz, Lieutenant Eduardo Ortiz And Their Respective Conjugal

Partnerships are adult residents of Puerto Rico who worked for Defendants as Ranking Officers during the applicable statute of limitations period and were paid on a salary hourly basis.

13.     During the relevant time period, Captain Sandra Hernandez Colón, Captain Elsa Pagan Villafaňe, Captain Andres Cruz Garcia, Captain Alberto Manuel Sanchez Cruz, Lieutenant Javier Torres Rosado, Lieutenant Jesus Montaňez Rivera, Lieutenant Felipe Rosa Hernandez, Lieutenant Angel M. Figueroa Angulo, Lieutenant Pedro Rivera Resto, Lieutenant Jorge Rexach Hernandez, Lieutenant Manuel Rivera Gomez, Lieutenant Ricardo Orengo Torres, Lieutenant Juan Concepcion, Lieutenant Jose R.  Delgado Moreno, Lieutenant Javier Saldaňa Robles, Lieutenant Adalberto Jusino Rodriguez, Lieutenant Edgar Ramos Rodriguez were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and 29 L.P.R.A. §271 *et seq.* and non-exempt first responders pursuant to 29 C.F.R. §541.3.

14.     At all relevant times, Defendant Municipio de San Juan was an autonomous municipality in Puerto Rico.

15.     At all relevant times, Defendants Gabriel Calixto Rodriguez, in his official and personal capacities, Jane Doe, and their conjugal partnership are residents of Puerto Rico. Gabriel is and was the Police Commissioner of the Municipio de San Juan, who authorized and implemented the policies and procedures that violated the relevant statutes.

16.     Defendants have had the authority and exerted operational control over the terms and conditions of employment of the employees of the Municipio de San Juan, including the authority to direct and supervise the work of employees, including Plaintiffs, and the authority to make decisions regarding wage and hour classifications, including the decisions to classify Plaintiffs as exempt, employee compensation and capital expenditures. At all relevant times, Defendants acted and had responsibility in devising, directing, implementing and supervising the

wage and hour practices and policies relating to employees, including the decision to not pay

Plaintiffs an overtime premium as required by the FLSA.

17.     As such, at all times hereinafter mentioned, Defendants have been and are "employers"

as defined by the FLSA, 29 U.S.C § 203(d) and 29 L.P.R.A. §271 *et seq.*

## FACTUAL ALLEGATIONS

18.     As Ranking Officers, Plaintiffs, Inspector Clara I. Rosa Rivera, Captain Sandra

Hernandez Colón, Captain Elsa Pagan Villafañe, Captain Andres Cruz Garcia, Captain Alberto

Manuel Sanchez Cruz, Captain Reinaldo Rodriguez Lucena, Captain Ismael Rivera, Lieutenant

Javier Torres Rosado, Lieutenant Jesus Montañez Rivera, Lieutenant Felipe Rosa Hernandez,

Lieutenant Angel M. Figueroa Angulo, Lieutenant Pedro Rivera Resto, Lieutenant Jorge Rexach

Hernandez, Lieutenant Manuel Rivera Gomez, Lieutenant Ricardo Orengo Torres, Lieutenant

Juan Concepcion, Lieutenant Jose R.  Delgado Moreno, Lieutenant Javier Saldaña Robles,

Lieutenant Adalberto Jusino Rodriguez, Lieutenant Edgar Ramos Rodriguez, Lieutenant

Radames Rivera Colón, Lieutenant Rafael Vazquez Rosado, Lieutenant Sonia N. Gonzalez

Cruzado,  Lieutenant Francisco J. Garcia Claudio, Lieutenant Edgardo Lopez De Victoria

Alomar,  Lieutenant Carlos A. Negron Aviles, Lieutenant Wilberto Soto Ortiz, Lieutenant

Eduardo Ortiz were required, among other things, to perform the functions regular patrol

officers.

19.     Ranking Officers do not have the authority to hire or fire any member of the police force

of the Municipio de San Juan.

20.     By law, only Commissioner Calixto Rodriguez has the authority to hire and fire any

member of the Puerto Rico Police Force.

6

21.     Ranking Officers do not have the authority to promote or demote any member of the police force of the Municipio de San Juan.

22.     By law only Commissioner Calixto Rodriguez has the authority to promote or demote any member of the police force of the Municipio de San Juan.

23.     Defendants paid the Ranking Officers a straight salary with no pay for over time worked, with the exception of the Fiestas de la Calle San Sebastian in 2015 and 2016, when defendants tacitly conceded that they always should have been paying plaintiffs overtime.

24.     Defendants misclassified Plaintiffs as exempt employees under the FLSA and 29 L.P.R.A. §271 *et seq.* and did not pay them overtime wages despite working in excess of the statutory time hours in given workweeks.

25.     Plaintiffs were directed by Defendants to work, and routinely worked in excess of the statutory time in given workweeks, but were not compensated for overtime wages earned at a rate of one and half times their regular rate.

26.     Defendants misclassified Ranking Officers as exempt from overtime compensation under the FLSA and 29 L.P.R.A. §271 *et seq.*

27.     Defendants suffered and permitted Plaintiffs as Ranking Officers to work more than the statutory time per week without overtime pay.

28.     Defendants did not keep accurate records of all of the hours worked by Plaintiffs, nor do they keep records as required by 29 L.P.R.A. § 284.

29.     Defendants were aware, or should have been aware, that Plaintiffs performed non-exempt work that required payment of overtime compensation.  For instance, because Defendants assigned Plaintiffs their work and required them to work long hours to complete all of their job duties and responsibilities, Defendants knew that Plaintiffs worked overtime hours.

30.     Defendants did not post notice as to the Plaintiffs' rights under the Fair Labor Standards Act.

31.     In particular, defendants did not post the definitions of exempt and non-exempt employees.

32.     Defendants settled a complaint brought by the Federal Wage and Hours Office with respect to their canine unit, which put them on notice to investigate whether they were complying with all aspects of their obligations to pay overtime and to notify their employees of their rights.

33.     Defendants' violations of the FLSA and 29 L.P.R.A. §271 *et seq.* is not due to mistake or neglect, but is a willful violation of its legal obligation to pay overtime compensation to Municipal Police Captains and Lieutenants.

## FLSA MASS ACTION ALLEGATONS

34.     Plaintiffs bring claims pursuant to the FLSA and 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

35.     Defendants knew or should have known that they had misclassified plaintiffs as exempt.

36.     Defendants knew or should have known that plaintiffs worked in excess of the statutory time in given workweeks.

37.     Defendants knew or should have known that they should have place a poster in every precinct to advise the Ranking Officers of the rights.

38.     Defendants' conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

### 29 L.P.R.A. §271 *et seq.* MASS ACTION ALLEGATIONS

39.     Plaintiffs bring these claims pursuant to 29 L.P.R.A. §271 *et seq.*., to recover unpaid wages, unpaid overtime compensation, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

40.     29 L.P.R.A. §271 *et seq.* requires employers to pay employees one and one half times their regular rate for all hours worked over the statutory time per work week.  29 L.P.R.A. §271 *et seq.* provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of double the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

41.     Plaintiffs incorporate by reference all preceding paragraphs.

42.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of the statutory time hours per week.

43.     Defendants willfully engaged in a widespread pattern and practice of violating the FLSA by misclassifying Plaintiffs as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with Sections 206 and 207 of the FLSA.

44.     Plaintiffs are not subject to any exemption.

45.     Defendants failed to create or maintain accurate records of the time Plaintiffs worked in violation of the FLSA, 29 U.S.C. § 211(c).

46. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

47. Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of their Ranking Officers.

48. As a result of Defendants' unlawful acts, they are liable to Plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

49. Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violations of the FLSA and other appropriate injunctive relief.

## COUNT II

## VIOLATION OF PUERTO RICO LAW

50. Plaintiffs incorporate by reference all preceding paragraphs.

51. 29 L.P.R.A. §271 *et seq.* requires employers to pay employees wages for all hours worked. 29 L.P.R.A. §271 *et seq.* requires employers who are subject to the Fair Labor Standards Act to pay employees one and one half times their regular rate for all hours worked over the statutory time per work week. 29 L.P.R.A. §271 *et seq.* provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages 29 L.P.R.A. §271 *et seq.* of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

52. Defendants engaged in a widespread pattern and practice of violating 29 L.P.R.A. §271 *et seq.* by misclassifying Plaintiffs as "exempt," and thereby failing and refusing to pay them the overtime wage compensation as required by law and in accordance with 29 L.P.R.A. §271 *et seq.*.

53.     Plaintiffs are not subject to any exemption.

54.     Defendants failed to create or maintain accurate records of the time Plaintiffs worked in violation of 29 L.P.R.A. §284.

55.     As a result of Defendants' violations of the 29 L.P.R.A. §271 *et seq.*, Plaintiffs have suffered and will continue to suffer a loss of income and other damages.

56.     As a result of Defendants' unlawful acts, they are liable to Plaintiffs for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

57.     Plaintiffs are also entitled to injunctive relief to prevent Defendants from continuing their violations of  29 L.P.R.A. §271 *et seq.* and other appropriate injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, Inspector Clara I. Rosa Rivera, Captain Sandra Hernandez Colón, Captain Elsa Pagan Villafañe, Captain Andres Cruz Garcia, Captain Alberto Manuel Sanchez Cruz, Captain Reinaldo Rodriguez Lucena, Captain Ismael Rivera, Lieutenant Javier Torres Rosado, Lieutenant Jesus Montañez Rivera, Lieutenant Felipe Rosa Hernandez, Lieutenant Angel M. Figueroa Angulo, Lieutenant Pedro Rivera Resto, Lieutenant Jorge Rexach Hernandez, Lieutenant Manuel Rivera Gomez, Lieutenant Ricardo Orengo Torres, Lieutenant Juan Concepcion, Lieutenant Jose R.  Delgado Moreno, Lieutenant Javier Saldaña Robles, Lieutenant Adalberto Jusino Rodriguez, Lieutenant Edgar Ramos Rodriguez, Lieutenant Radames Rivera Colón, Lieutenant Rafael Vazquez Rosado, Lieutenant Sonia N. Gonzalez Cruzado,  Lieutenant Francisco J. Garcia Claudio, Lieutenant Edgardo Lopez De Victoria Alomar,  Lieutenant Carlos A. Negron Aviles, Lieutenant Wilberto Soto Ortiz, Lieutenant Eduardo Ortiz by and through their attorneys, demand judgment against the Defendants, and

each of them, jointly and severally, and in favor of the Plaintiffs, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.  Declare and find that the Defendants committed one or more of the following acts:

    i.  Violated the overtime provisions of the FLSA by misclassifying Plaintiffs;

    ii.  Willfully violated provisions of the FLSA; and

    iii.  Violated the overtime provisions of the 29 L.P.R.A. §271 *et seq.* by misclassifying Plaintiffs;

B.  Award compensatory damages in the amount of one and one-half times Plaintiffs' regular rate of pay for all time they worked in excess of the statutory time per week under the FLSA;

C.  Award interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

D.  Award liquidated damages in an amount equal to the amount of unpaid overtime compensation found due under the FLSA;

E.  Award all costs and reasonable attorneys' fees incurred prosecuting this claim under the FLSA and 29 L.P.R.A. §271 *et seq.*;

F.  Enjoin defendants to provide all plaintiffs with notice of their rights under the FLSA and 29 L.P.R.A. §271 *et seq.;*

G.  Enjoin defendants to continue paying plaintiffs overtime in accord with the law;

H.  Grant leave to amend to add claims under applicable state and federal laws;

I.  Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

J.  For such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury.

Dated:  March 17, 2016

Respectfully Submitted,

/s/_____

**Jane A. Becker Whitaker**
P.O. Box 9023914
San Juan, Puerto Rico 00902-3914
Tel: (787) 754-9191
Fax: (787) 764-3101
Email: janebeckerwhitaker@gmail.com
        janebeckerwhitaker@yahoo.com

S/Jean Paul Vissepó Garriga
**JEAN PAUL VISSEPÓ GARRIGA**
U.S.D.C. No. 221504
PO Box 367116
San Juan, PR 00936-7116
Tel.  (787) 633-9601
E-mail: jp@vissepolaw.com.

**J. Barton Goplerud**
**Andrew B. Howie**
HUDSON, MALLANEY, SHINDLER
& ANDERSON, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Tel: (515) 223-4567
Fax: (515) 223-8887
Email: jbgoplerud@hudsonlaw.net
Email: ahowie@hudsonlaw.net

**ATTORNEYS FOR PLAINTIFFS**