**ESTADO LIBRE ASOCIADO DE PUERTO RICO
MUNICIPIO AUTÓNOMO DE LA CIUDAD CAPITAL
SAN JUAN BAUTISTA**

**P. DE R. NÚM. 13
SERIE 2022-2023**

DE ADMINISTRACIÓN

Presentado por el señor Carlos R. Acevedo Acevedo; la señora Ada Clemente González; el señor Luis A. Crespo Figueroa; las señoras Carmen A. Culpeper Ramírez; Gloria I. Escudero Morales; el señor Diego G. García Cruz; la señora Camille A. García Villafañe; los señores Alberto J. Giménez Cruz; José A. Hernández Concepción; la señora Ángela Maurano Debén; el señor Fernando Ríos Lebrón; las señoras Alba I. Rivera Ramírez; Nitza Suárez Rodríguez; y el señor Ernesto Torres Arroyo

Referido a la Comisión de Gobierno y de lo Jurídico

Fecha de presentación: 3 de agosto de 2022

**RESOLUCIÓN**

**PARA AUTORIZAR AL MUNICIPIO AUTÓNOMO DE SAN JUAN, REPRESENTADO POR SU ALCALDE O EL FUNCIONARIO EN QUIEN ESTE DELEGUE, A TRANSIGIR EL CASO *CLARA ROSA RIVERA ET AL V. MUNICIPALITY OF SAN JUAN*, CIVIL NÚM. 16-1465 (JAG), ANTE EL TRIBUNAL FEDERAL PARA EL DISTRITO DE PUERTO RICO; Y PARA OTROS FINES.**

1   **POR CUANTO:** El 17 de marzo de 2016, un grupo de altos oficiales de la Policía Municipal de

2   San Juan, entre ellos, inspectores, tenientes, capitanes y comandantes de cuartel, presentó

3   una acción judicial de reclamación de salarios, el pago de horas extra desde el 2013 al 2022

4   y represalias ante el Tribunal Federal para el Distrito de Puerto Rico (en adelante, el

5   "Tribunal Federal") contra el Municipio Autónomo de San Juan (en adelante, el

"Municipio") y los ex comisionados de la Policía Municipal de San Juan Guillermo Calixto Rodríguez y José Caldero López, ambos en su carácter oficial. A tenor con el sistema judicial federal, esta demanda civil sería ventilada mediante juicio por jurado.

**POR CUANTO:** La acción judicial se fundamentas en las disposiciones de la Ley Pública 75-718, según enmendada, conocida como el "*Fair Labor Standards Act of 1938*" o "FLSA", y disposiciones de la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, conocida comúnmente como la "Ley para Establecer la Jornada de Trabajo en Puerto Rico".

**POR CUANTO:** En la demanda se reclaman salarios pasados, derecho al pago de horas extra, prácticas de represalias y, alegando que no son exentos, reclaman la cantidad de ocho millones de dólares ($8,000,000.00) como pago de horas extra desde el 2013 al 2022.

**POR CUANTO:** El Municipio contestó la Demanda y negó adeudar dinero alguno a los demandantes. Además, alegó que los demandantes estaban exentos del pago de horas extra conforme a sus funciones y deberes, entre otras alegaciones.

**POR CUANTO:** Conforme a las disposiciones legales antes citadas, la omisión de un patrono de pagar horas extra lo hace responsable de, además de las horas extra adeudadas, pagar una suma adicional por la misma cantidad adeudada en concepto de daños, entre otros, incluyendo gastos y honorarios de abogados.

**POR CUANTO:** Como parte del proceso en el Tribunal Federal, y como consecuencia de una Moción de Sentencia Sumaria presentada por el Municipio, el 11 de abril de 2022 el Tribunal Federal emitió un *Memorandum and Order* en el cual expresa no estar de acuerdo con la contención del Municipio de que los demandantes están exentos bajo la FLSA. Indica, además, que hay controversias de hechos relacionados a la aplicación de exenciones para ejecutivos y empleados administrativos municipales que impiden resolver el caso bajo Sentencia Sumaria. El Tribunal Federal denegó la solicitud del Municipio de que los demandantes son exentos. No obstante, determinó que la parte demandante no tiene una causa de acción de represalias.

1   **POR CUANTO:** Luego de la determinación del 11 de abril de 2022, el Tribunal Federal ordenó a
2   las partes a resolver el presente caso mediante un proceso de mediación. Previo a la
3   mediación, la parte demandante notificó oferta transaccional por la cantidad de cinco
4   millones ciento noventa y seis mil dólares ($5,196,600.00) para terminar el caso. Celebrada
5   la vista de mediación, las partes llegaron a un acuerdo, sujeto a la aprobación de la
6   Legislatura Municipal de San Juan, por la cantidad de dos millones trecientos ochenta mil
7   dólares ($2,380,000.00) en cuatro (4) plazos: un (1) pago de trecientos mil dólares
8   ($300,000.00) por concepto de honorarios de abogados; un (1) primer pago de quinientos
9   ochenta mil dólares ($580,000.00) en o antes del 30 de septiembre de 2022; un (1) segundo
10  plazo de quinientos mil dólares ($500,000.00) pagadero en el año fiscal 2023-2024; un (1)
11  tercer plazo de quinientos mil dólares ($500,000.00) en el año fiscal 2024-2025; y un (1)
12  cuarto plazo de quinientos mil dólares ($500,000.00) en el año fiscal 2025-2026.

13  **POR CUANTO:** La representación legal del Municipio recomienda que se acepte la transacción
14  propuesta. Según indica, mediante esta se pone fin a un pleito que expone al ayuntamiento
15  a responder por una cantidad que asciende a más de cinco millones de dólares
16  ($5,000,000.00), aproximadamente. La cantidad propuesta de dos millones trecientos
17  ochenta mil dólares ($2,380,000.00) es menor a la que podría resultar por concepto de
18  daños, temeridad, costas y honorarios de abogados que dispone FLSA y la Ley para
19  Establecer la Jornada de Trabajo en Puerto Rico. De acuerdo con lo anterior, se recomienda
20  que la oferta transaccional sea sometida para la evaluación y aprobación de esta Legislatura
21  Municipal.

22  **POR CUANTO:** El Artículo 1.018 de la Ley 107-2020, según enmendada, conocida como el
23  "Código Municipal de Puerto Rico", establece que "en ningún procedimiento o acción en
24  que sea parte el municipio, el alcalde podrá allanarse a la demanda o dejarla de contestar
25  sin el consentimiento previo de la mayoría absoluta de los miembros de la legislatura
26  municipal. El alcalde someterá ante la consideración de la legislatura municipal toda oferta

de transacción que conlleve algún tipo de desembolso económico mayor de veinticinco mil ($25,000) dólares, previo a someter dicha oferta de transacción a la consideración del foro judicial".

**POR TANTO: RESUÉLVASE POR LA LEGISLATURA MUNICIPAL DE SAN JUAN, PUERTO RICO:**

**Sección 1ra.:** Se autoriza al Municipio Autónomo de San Juan (en adelante, el "Municipio"), representado por su Alcalde o el funcionario en quien este delegue, a transigir el caso *Clara Rosa Rivera et al v. Municipality of San Juan*, Civil Núm. 16-1465 (JAG), ante el Tribunal Federal para el Distrito de Puerto Rico, sujeto a los términos y condiciones que se establecen en esta Resolución.

**Sección 2da.:** La transacción autorizada mediante esta Resolución no representa aceptación de responsabilidad alguna por parte del Municipio, sus empleados o funcionarios y pone fin al caso en su totalidad. La transacción está condicionada a que la parte demandante se comprometa, como parte del acuerdo, a dar por desistida, con perjuicio, toda reclamación en el caso *Clara Rosa Rivera et al v. Municipality of San Juan*, Civil Núm. 16-1465 (JAG), así como cualquier otra reclamación, presente o futura, que, directa o indirectamente, esté relacionada con cualquiera de las alegaciones de este caso. En consideración a lo estipulado, se autoriza al Municipio a pagar a la parte demandante la cantidad de dos millones trecientos ochenta mil dólares ($2,380,000.00) en cuatro (4) plazos:

(1) un (1) pago de trecientos mil dólares ($300,000.00) por concepto de honorarios de abogados;

(2) un (1) primer pago de quinientos ochenta mil dólares ($580,000.00), en o antes del 30 de septiembre de 2022;

(3) un (1) segundo pago de quinientos mil dólares ($500,000.00) pagadero en el año fiscal 2023-2024;

(4) un (1) tercer pago de quinientos mil dólares ($500,000.00) en el año fiscal 2024-2025; y

(5) un (1) cuarto pago de quinientos mil dólares ($500,000.00) en el año fiscal 2025-2026.

**Sección 3ra.:** Cualquier ordenanza, resolución u orden que, en todo o en parte, resultare incompatible con la presente, queda por esta derogada hasta donde existiere tal incompatibilidad.

**Sección 4ta.:** Las disposiciones de esta Resolución son independientes y separables unas de otras por lo que, si alguna parte, párrafo o sección de esta fuese declarada inválida o nula por un tribunal con jurisdicción y competencia, la sentencia dictada a tal efecto solo afectará aquella parte, párrafo o sección cuya invalidez o nulidad haya sido declarada.

**Sección 5ta.:** Esta Resolución comenzará a regir inmediatamente después de su aprobación.