# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| INSPECTOR CLARA I. ROSA RIVERA, CAPT. ELSA PAGAN VILLAFAÑE, CAPT. ANDRES CRUZ GARCIA, CAPT. ALBERTO M. SANCHEZ CRUZ, CAPT. REINALDO RODRIGUEZ LUCENA, CAPT. ISMAEL RIVERA, LT. JAVIER TORRES ROSADO, LT. JESUS MONTANEZ RIVERA, LT. FELIPE ROSA HERNANDEZ, LT, ANGEL M FIGUEROA ANGULO, LT. PEDRO RIVERA RESTO, LT. JORGE REXACH HERNANDEZ, LT. MANUEL RIVERA GOMEZ, LT. RICARDO ORENGO TORRES, LT. JUAN CONCEPCION, LT. JOSE R. DELGADO MORENO, LT. JAVIER SALDANA ROBLES, LT. ADALBERTO JUSINO RODRIGUEZ, LT. EDGAR RAMOS RODRIGUEZ, LT. RADAMES RIVERA COLÓN, LT. RAFAEL VAZQUEZ ROSADO, LT. SONIA N. GONZALEZ CRUZADO, LT. FRANCISCO J. GARCIA CLAUDIO, LT. EDGARDO LOPEZ DE VICTORIA ALOMAR, LT. CARLOS A. NEGRON AVILES, LT. WILBERTO SOTO ORTIZ, LT. EDUARDO ORTIZ and their respective conjugal partnerships,<br><br>Plaintiffs,<br><br>vs.<br><br>MUNICIPIO DE SAN JUAN, GUILLERMO CALIXTO RODRIGUEZ, in his personal and official capacities, JANE DOE, and their conjugal partnership,<br><br>Defendants. | Civil No.: 1:16-1465(JAG) |

## CONSENT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiffs, INSPECTOR CLARA I. ROSA RIVERA, CAPT. ELSA PAGAN VILLAFAÑE, CAPT. ANDRES CRUZ GARCIA, CAPT. ALBERTO M. SANCHEZ CRUZ, CAPT. REINALDO RODRIGUEZ LUCENA, CAPT. ISMAEL RIVERA, LT. JAVIER TORRES ROSADO, LT. JESUS MONTANEZ RIVERA, LT. FELIPE ROSA HERNANDEZ, LT, ANGEL M FIGUEROA ANGULO, LT. PEDRO RIVERA RESTO, LT. JORGE REXACH HERNANDEZ, LT. MANUEL RIVERA GOMEZ, LT. RICARDO ORENGO TORRES, LT. JUAN CONCEPCION, LT. JOSE R. DELGADO MORENO, LT. JAVIER SALDANA ROBLES, LT. ADALBERTO JUSINO RODRIGUEZ, LT. EDGAR RAMOS RODRIGUEZ, LT. RADAMES RIVERA COLÓN, LT. RAFAEL VAZQUEZ ROSADO, LT. SONIA N. GONZALEZ CRUZADO, LT. FRANCISCO J. GARCIA CLAUDIO, LT. EDGARDO LOPEZ DE VICTORIA ALOMAR, LT. CARLOS A. NEGRON AVILES, LT. WILBERTO SOTO ORTIZ, LT. EDUARDO ORTIZ and their respective conjugal partnerships, ("Plaintiffs") by their attorneys, hereby seek approval of the parties' Settlement Agreement and Release ("Agreement") attached hereto as Exhibit A[1] with Defendants' consent. Plaintiffs, with Defendants' consent respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

1. On March 17, 2016, Named Plaintiffs filed the above-captioned lawsuit (the "Lawsuit") against Municipio de San Juan, Guillermo Calixto Rodriguez and Jose Caldero Lopez, in their official capacities, and Jane Doe and their conjugal partnership, in the United States District Court for the District of Puerto Rico. Plaintiffs, *inter alia*, asserted claims as a collective

---

[1] The Agreement provided for signing in counterparts, so we provide one document signed by counsel for the municipality and the other document signed by Plaintiffs.

action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§201 *et seq.* and a mass action pursuant to Federal Rule of Civil Procedure 23, and in accordance with the Puerto Rico Wage and Hour Laws (Puerto Rico Code 29 L.P.R.A. §173 *et seq.*).

2.  The parties have engaged in lengthy and extensive discovery and motion practice, including, among other things, three separate rounds of individualized written discovery for thirty-two Plaintiffs. Plaintiffs' counsel individually analyzed extensive data produced by the Defendant including: (a) dates of employment; (b) pay rates; (c) hours paid; and, (d) weeks worked. Plaintiffs created computer formulas and prepared Excel spreadsheets to calculate damages for each Plaintiff based upon several different assumptions and scenarios. Plaintiffs filed three separate motions for partial summary judgment. Plaintiffs even prepared for a December 2019 trial date with each Plaintiff, reviewing their testimony and possible cross examination and responded to a Motion for Summary Judgment with hundreds of statements of material facts, each of which had to be replied to by each Plaintiff individually. Once Defendants proposed settlement, Plaintiffs' counsel discussed the ramifications of the settlement with each Plaintiff, each of whom agreed to this settlement.

3.  All Plaintiffs participated in interviews, meetings, telephone and/or electronic mail communications and discussions, in the process leading to settlement negotiations that resulted in the final settlement and proposed allocation of the Settlement Fund.

4.  Counsel for all Parties have vigorously pursued their positions and the rights of their clients through extended, though focused, legal and factual analysis, full discovery, and exchanges of information.

5.  In light of the wealth of information acquired to date, the parties have concluded, based upon their investigation, and taking into account the sharply contested factual and legal

issues involved, the expense and time necessary to prosecute this matter through trial, the risks and costs of further prosecution of the action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the parties.

6. In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement.

7. Pursuant to Resolution #17, Series 2022-2023 of the Municipal Legislature of the Municipality of San Juan of September 9, 2022 and approved by the Hon. Mayor of San Juan, the terms and conditions of said Resolution are hereby adopted by the Parties and the Parties have subscribed a private <u>SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS.</u>

8. The settlement reached by the parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA.

9. The settlement reached by the parties is the result of extensive negotiations between the parties overseen originally by the First Circuit Court of Appeals Judge Charles Cordero and then by U.S. Magistrate Judge Marcos E. López.  The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Plaintiffs in this matter, and also take into consideration the inevitable risks of litigation and the defenses which would be raised by Defendants if this matter were to proceed.

10. The settlement was negotiated at arm's length, by experienced counsel well-versed in wage and hour litigation concerning bona fide disputes between their clients with respect to

liability and the amount due under the FLSA for allegedly unpaid wages, overtime compensation, compensatory damages, liquidated damages and attorneys' fees.

11.  Attorneys' fees, pursuant to the fee shifting provision of the FLSA, which were discounted by Plaintiffs' counsel, were agreed upon separately and without regard to the amount paid to the Plaintiffs, and Plaintiffs' recovery was not adversely affected by the amount of fees paid to counsel. The parties have agreed this is a reasonable and fully-justified fee under the circumstances of this case in light of the risks taken, time expended, and benefits to the Plaintiffs. This is in addition to any private legal fee agreement that Plaintiff lawyers may have with the Plaintiffs individually. The Settlement includes all costs incurred and to be incurred through the end of the administration of the settlement, if approved.

12.  Factors indicating fairness are present, including the fact that the parties thoroughly investigated the legal and factual issues; that the parties conserved substantial time and expense that would have been required had the case gone to trial; and that, by settling, Plaintiffs are assured a reasonable recovery on their claims over which exists a *bona fide* dispute, thereby avoiding the uncertainties associated with further litigation.

13.  All Plaintiffs have been contacted by Plaintiffs' counsel and have consented to the settlement and terms.

WHEREFORE, Plaintiffs respectfully request the Court grant this Motion, to which Defendants consent, and enter an Order approving the Agreement, and afford the parties all other appropriate relief.

Dated: October 5, 2022                    Respectfully submitted,

**BECKER & VISEPPÓ, PSC**
P.O. Box 9023914

San Juan, Puerto Rico 00902-3914
Telephone: 787-585-3824
jbw@beckervissepo.com
janebeckerwhitaker@gmail.com


/S/ JANE BECKER WHITAKER
**JANE BECKER WHITAKER**
**USDCPR BAR NUMBER 205110**

/S/ JEAN PAUL VISEPPÓ
USDCPR BAR NUMBER 221504
jpv@beckervissepo.com
jp@vissepolaw.com

/S/ J. BARTON GOPLERUD
J. Barton Goplerud
HUDSON, MALLANEY, SHINDLER
& ANDERSON, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone:     (515) 223-4567
Facsimile:     (515) 223-8887
Email:          jbgoplerud@hudsonlaw.net

**ATTORNEYS FOR PLAINTIFFS**